### FOR THE

## EASTERN DISTRICT,

## 1856.

---

## COUNTY OF PENOBSCOT.

41 419
100 336
100 340

### CALEB THURSTON *versus* JOHN ADAMS.

A warrant against the *person*, issued by an inferior Court, affords no protection to the officer serving it, when the Court has no jurisdiction over the subject matter of the offence, or when it is apparent on the face of the process, that the Court has exceeded its authority.

A warrant, issued by a justice of the peace, which may be lawfully resisted, or one by virtue of which, the person arrested would be released from arrest on *habeas corpus*, is a warrant which the magistrate had no authority to issue.

Such a warrant an officer need not obey, and at common law he will not be protected by it.

When the warrant is imperfectly expressed, the officer may be bound to act, if the subject matter be within the jurisdiction of the magistrate.

When *no cause* is expressed in the warrant, there is no question as to the want of jurisdiction.

When the process is *in rem*, the same general principles are applicable.

The rights of the officer are to be determined upon what is apparent on the face of the warrant. He is not required to look beyond his process, nor is he to be held responsible for antecedent defects or informalities.

The provision in § 16, of the Act of 1851, that no action of any kind shall be maintained in this State " for the recovery or possession of spirituous liquors or the value thereof," the same being kept for sale in violation of law, is constitutional.

ON FACTS AGREED. From *Nisi Prius*, HATHAWAY, J., presiding.

TRESPASS on the case for taking and carrying away certain spirituous liquors. Writ dated Nov. 24, 1852.

The defendant justified the taking as constable of Frankfort, which office, it is admitted, he held at the time. The original taking was under a warrant issued by A. Jones, Esq., one of the justices of the peace for the county of Waldo, under the provisions of the "Maine Law," so called. The defendant introduced in justification a complaint signed by three voters of the town of Frankfort, where the liquors were at the time deposited, dated Dec. 3, 1851. Also a warrant issued upon said complaint, dated Dec. 4, 1851. Also the record of judgment in the same case, rendered before said Jones, Dec. 9, 1851. Also warrant for the destruction of said liquors, dated Dec. 26th, 1851.

It was admitted at the trial, that the liquors sued for were a part of those described in said proceedings, which were not given up, but which were taken by the defendant as aforesaid. If a full defence is not made out by the foregoing, then defendant offers evidence to prove that said liquors sued for were kept and intended for purposes of illegal sale, contrary to the provisions of law.

If the proceedings afford a sufficient defence, then plaintiff is to become nonsuit.

If said proceedings do not make out such a defence, and such evidence as is offered as aforesaid is admissible, then the cause is to stand for trial.

Damages in case of a default to be assessed by a jury unless otherwise agreed by parties.

*Rowe & Bartlett*, for plaintiff.

1. If a magistrate issues precepts, or orders arrests for acts not known to the law as offences; if he imposes illegal punishments, or commands a plain and obvious violation of the law, he can, when thus transcending the bounds of his authority, afford no more protection to an officer, than could one not a magistrate. *Gurney* v. *Tufts*, 37 Maine, 130, 133.

Thurston *v.* Adams.

2. The 11th § of the Act of 1851, for the suppression of drinking-houses and tippling-shops, relied on as creating the offence and authorizing the process and proceedings, is unconstitutional. *State* v. *McNally,* 34 Maine, 215, 216, 217; *Fisher* v. *McGirr,* 1 Gray, 1, and *Green* v. *Briggs,* 1 Curtis, C. C. R. 337.

3. If that section be constitutional, the facts alleged in the complaint do not charge an offence under it, and therefore could not give a magistrate jurisdiction.

4. The constitution, art. 1, § 5, forbids the issuing of a search warrant without probable cause. This shows on its face the want of probable cause.

5. It contains no averment, that the liquors were kept with intent to sell in the town of Frankfort. It is almost verbatim like the complaint in *State* v. *Robinson,* 33 Maine, 565, which was adjudged to be bad on that account.

6. The evidence which the defendant says he has in reserve is inadmissible. Intent to sell cannot be tried in this case. If the liquors were legally condemned, plaintiff cannot recover any damage for their destruction; if they were not legally condemned, they were property at the time of their destruction.

7. Plaintiff is entitled to pay for the casks, the officer having no authority to seize them.

*A. W. Paine,* for defendant, contended — 1. That the proceedings introduced, viz., the warrant for seizure and the warrant to destroy the liquors sued for, afford a full defence to the suit.

2. That the Act of 1851, under which the proceedings were had, is constitutional.

3. That even if the law be unconstitutional, the officer is not to be held responsible for his acts done in pursuance of it.

4. That if there was error in all the proceedings under which the liquors were seized and destroyed, still the plaintiff has no right to maintain his action, because the liquors were at the time of the seizure kept by him for the purposes of illegal sale.

APPLETON, J.—A warrant against the person, issued by an inferior court, affords no protection to the officer by whom it may have been executed, when the court issuing it had no jurisdiction over the subject matter of the offence, or over the person; or when, on issuing the same, it exceeded its authority and that fact is apparent on the face of the process. If the warrant issued by the justice of the peace, in the shape in which it is given to the officer, is such that the party may lawfully resist, or, if taken upon it, may be released upon *habeas corpus;* it is a warrant which, in that shape, the magistrate had no authority to issue, and which, therefore, the officer need not have obeyed, and which at common law will not protect against the action of the party injured. When the warrant is imperfectly expressed, the officer may be bound to act, if the subject matter be within the jurisdiction of the magistrate, but when no cause is expressed, there is no question as to the want of jurisdiction. *Gurney* v. *Tufts,* 37 Maine, 130; *State* v. *Weed,* 1 Foster, 268; *Whipple* v. *Kent,* 2 Gray, 210; *Barnes* v. *Barber,* 1 Gilman, 410; *Green* v. *Elgin,* 5 Ad. & Ell., N. S., 100.

When the process is *in rem* the same general principles are equally applicable. The magistrate must have jurisdiction *in rem* over the thing upon which he adjudicates, and against which his process issues. If he has no jurisdiction, or, if having general jurisdiction, he shows by warrant an entire want of authority to issue it in the particular case, and entirely fails to set forth any cause of forfeiture, the officer acting under such warrant cannot be protected.

The rights of the present defendant are determined by the warrant, and if that discloses sufficient ground for the judicial action of the magistrate, it affords a complete justification for the officer. The officer is not to look beyond his process, or to be held responsible for antecedent defects or informalities. His rights are to be determined upon what is apparent upon the face of the warrant, whenever the magistrate has jurisdiction, and if that discloses sufficient authority, the officer will have established a complete defence, otherwise not.

In *Green* v. *Elgin*, 5 Ad. & Ell., N. S., 100, the warrant of commitment, issued by the Court of Review, was held bad, as not containing any proper adjudication of a contempt, nor showing how the party committed might clear himself. " In the present case," says DENMAN, C. J., " no offence whatever can be collected from the documents."

The distinction is fully recognized between a court of ultimate resort and inferior magistrates. " There is," says BIGELOW, J., in *Piper* v *Pearson*, 2 Gray, 122, " a marked distinction in this respect between courts of general jurisdiction and inferior tribunals having only a special or limited jurisdiction. In the former case the presumption of law is, that they had jurisdiction until the contrary is shown ; but with regard to inferior courts and magistrates, it is for them, when claiming any right or exemption under their proceedings, to show affirmatively that they acted within the limits of their jurisdiction." It is material, therefore, to consider whether the warrant discloses any authority on the part of the magistrate to issue the process under which the defendant justifies.

It appears from the warrant, by the authority of which the liquors in dispute were destroyed, that the magistrate issuing the same, on the 3d of Dec., 1852, received a complaint under the Act of June 2, 1851, for the suppression of drinking-houses and tippling-shops, c. 211, § 11 ; that he thereupon issued process for the search of the premises described in the complaint ; that the officer serving the same seized certain liquors, the owners of which he returned as unknown ; that of this a portion was claimed and given up by the magistrate to the several claimants ; that for the liquors not thus surrendered, there were no claimants ; and that such remaining portion was declared forfeited on the 9th of the same December, and ordered to be destroyed.

Now, by § 12 it is provided, that " if the owner, keeper, or possessor of liquors under the provisions of this Act shall be unknown to the officer seizing the same, they *shall not be condemned and destroyed* until they shall have been advertized, &c., for *two weeks*, by posting up a written description of the same

in some public place," &c.  As the complaint was made on the
3d of December, and the adjudication had on the 9th of the
same month, it is apparent from the warrant that the notice,
without which the liquors of owners unknown " shall not be
condemned and destroyed," could never have been given.
The liquors, therefore, were never before the magistrate so
that he could legally condemn them and order their destruc-
tion; and this is apparent by inspection of the warrant.  The
owners are set forth as unknown and as not appearing.  They
were not bound to appear, except after the notice, which the
statute directs to be given; and until that time had expired
the magistrate had no right to act upon their forfeiture.

The Act in question no where prohibits the possession
of liquors for mechanical or medical purposes, or for the
use of the person thus possessing.  Its prohibitions are
against, and its penalties are for the keeping with intent
to sell, and its forfeitures are when the liquors are so kept.
If the liquors were not so kept, they are as much within the
protection of the law as any other property.  The warrant
discloses no adjudication by the magistrate that they were so
kept.  If not so kept, if held for legitimate and lawful pur-
poses, the law affords the owner the usual remedies for the
vindication of his rights.

It is apparent, therefore, that no defence has been disclos-
ed.  The warrant under which the officer acted, negatives the
fact of the magistrate's authority to issue the same; and such
want of authority being apparent to the officer, he was under
no obligation to obey or enforce its mandates.

The statute, § 16, provides that no action of any kind shall
be maintained in this State " for the recovery or possession of
spirituous liquors or the value thereof."  This provision has
been limited to liquors kept for sale in violation of the pro-
visions of law.  *Preston* v. *Drew,* 33 Maine, 558.  The stat-
ute in this respect is clear and imperative.  It violates no
provision of the constitution.  It says liquors shall be kept
for sale only on certain conditions and for certain purposes.  It
defines the conditions and prescribes the purposes.  If kept in

violation of its provisions, it refuses its aid and withholds its protection. If, therefore, on trial, it shall be made to appear that the liquors were intended for sale contrary to law, no action can be maintained for their value under the provisions of the statute. *Mc Gilvery* v. *Black*, 38 Maine, 287.

*The cause to stand for trial.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J., concurred. RICE, J., did not sit.