DAVID BROWN *vs.* NELSON HOWARD.

Androscoggin.    Opinion March 31, 1894.

*Attachment.   Void Writ.   Officer.   Lien.   Waiver.*
*R. S., c. 23, § 4; c. 83, § 7.*

To make and retain a valid attachment of personal property, which can be immediately removed, there must be such a taking and retaining of possession as would render the officer, if not justified by his precept, liable to the owner in an action either of trespass *de bonis* or of trover.

A writ returnable to the municipal court for the city of Lewiston at a term thereof more than sixty days after it was made, contrary to the provisions of R. S., c. 83, § 7, is not voidable merely, but void, and affords no protection to an officer who attaches personal property upon it.

An officer who attaches personal property upon a void writ and who makes his return to that effect, cannot in an action of trover against him justify as a servant of the plaintiff in that writ, claiming that what he did was merely to take possession of the property for the purpose of enforcing a lien of the original plaintiff, when that plaintiff did not attempt to enforce a statutory lien, but sought his remedy in a common law action.

See *Starbird* v. *Brown*, 84 Maine, 238.

ON EXCEPTIONS.

Trover against the defendant, a deputy sheriff, submitted on an agreed statement of facts to the presiding justice, at *nisi prius*, when he gave judgment for the plaintiff, and the defendant excepted. It appears from the agreed statement of facts that the action was brought to recover the value of two heifers attached by the defendant upon a writ in favor of John Starbird, against the plaintiff, and returnable to the municipal court for the city of Lewiston, at its September term, 1892. The writ was not dated, but the defendant's return of his attachment thereon is dated June 26, 1892, and contains a count in trespass, *q. c.*, and a count on account annexed.

It was agreed that the cattle attached upon the writ were the property of the plaintiff, and were two and three years old respectively, and that neither was giving milk at the time. That at the time said cattle were attached, said plaintiff owned other cows, but that this attachment was made without the knowledge of the plaintiff in this suit, and without any opportunity being

afforded him to make any election as to which he would have exempt. The cattle were in possession of the plaintiff in the writ upon which they were attached at the time of the attachment, and he claimed and it was admitted for the purposes of this case only that he could prove, if admissible, that at the time of the attachment there was no pound or pound keeper in the city of Auburn; that the cattle were trespassing on the land of Starbird, and were taken by him while committing said trespass and shut up and detained by him until attached by the officer; and that they entered from the highway and not through any neglect on the part of Starbird, to maintain any partition fence.

That the cattle so taken by Starbird were detained by him until the damages occasioned by their said trespass should be paid by Brown.

*Wallace H. White and Seth M. Carter*, for plaintiff.

*McGillicuddy and Morey*, for defendant.

It does not appear that the defendant ever had the possession of the property or ever exercised any dominion over it. Without such proof the plaintiff cannot maintain this action. *Fernald* v. *Chase*, 37 Maine, p. 289.

Starbird had the right to the possession, Brown did not, until he should first pay the lien claim of Starbird. Although the attachment was void and the defendant could not justify as an officer, he might nevertheless defend the detention of the goods as the servant of the party having the lien. *Townsend* v. *Newell*, 14 Pick. 332.

The general statute providing that all writs in municipal and police courts should be made returnable not less than seven or more than sixty days after date, was enacted in 1876, subsequently to the act of 1871, creating municipal court of Lewiston. The general act passed subsequently to the special act does not repeal it. *State* v. *Cleland*, 68 Maine, p. 258; *Allen* v. *Somers*, 68 Maine, p. 247.

SITTING: PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WISWELL, JJ.

WISWELL, J. This is an action of trover to recover for the conversion of two heifers. It is admitted in the agreed statement of facts that the heifers were the property of the plaintiff and that they were attached by the defendant, a deputy sheriff, upon a writ in favor of John Starbird, against the plaintiff in this action.

It is claimed by the defendant's counsel that the case does not show a conversion and that for this reason the action cannot be maintained. To constitute a conversion there must have been either, a wrongful taking, a wrongful detainer, an illegal using, a misusing or an illegal assumption of ownership. *Fifield* v. *Maine Central R. R. Co.* 62 Maine, 77.

The case shows that the property was attached by the defendant; nothing else appearing, it must be inferred that there was a valid and sufficient attachment. It must be presumed, in the absence of facts showing the contrary, that the officer did his duty.

To effect and preserve a valid attachment of personal property, such as this in controversy, the officer must, either by himself or his servant, take and retain possession and control of the property attached or have the power of taking immediate possession. If the possession is abandoned the attachment is dissolved. *Nichols* v. *Patten*, 18 Maine, 238; *Weston* v. *Dorr*, 25 Maine, 176; *Wentworth* v. *Sawyer*, 76 Maine, 434. If such a taking and retaining possession, as is necessary to effect and retain a valid attachment of personal property of this description, is not justified by the precept, it would be wrongful, and sufficient to entitle the owner to maintain either trespass *de bonis* or trover.

The defendant's counsel relies upon the case of *Fernald* v. *Chase*, 37 Maine, 289, as supporting his contention that the mere fact that an attachment has been made by an officer does not necessarily show a conversion; but in that case there was evidence showing just what was done by the officer in making the attachment. He went upon the logs and counted them, he did not remove any of them, he did not leave any person in charge of them and the logs remained where they were for

about ten days when the attachment was discharged. It is said in the opinion in that case : "There does not appear to have been any valid attachment." And in all of the cases cited in that opinion, in which it was held that the action of trover could not be maintained, the evidence disclosed that the officer did not take any possession or control of the property.

The writ upon which the attachment was made affords the defendant no protection. Although bearing no date, it must have been made as early as June 26, 1892, because served upon that date. It was made returnable to the municipal court for the city of Lewiston, on the first Tuesday of September, more than sixty days after the time when it was made, contrary to the provisions of Revised Statutes, Chap. 83, § 7. This court has already held in that case, (*Starbird* v. *Brown,* 84 Maine, 238,) that the action should be dismissed for this reason. The writ upon which the attachment was made was not voidable merely but void. A writ or execution void for want of jurisdiction or otherwise can be no justification to a party thereto for any action under it. *Winchester* v. *Everett,* 80 Maine, 535. This defect was apparent on the face of the writ and disclosed to the officer a want of jurisdiction.

It is further claimed by the defendant's counsel that this action cannot be maintained because the heifers were not in the possession of the plaintiff, at the time that they were attached by the officer, but were in the possession of the plaintiff in the action upon which they were attached, having been taken by him while committing a trespass upon his land. It is admitted that the cattle entered upon the land of the plaintiff, in the original action, from the highway and not by reason of any neglect upon his part to maintain a partition fence. Under these circumstances, Starbird had various remedies. He might have distrained the cattle, *damage feasant,* and detained them in his custody, there being no pound in the city. *Mosher* v. *Jewett,* 63 Maine, 84 ; or, in an action of trespass against the owner or possessor of the beasts at the time of the damage, he might have preserved his lien by attachment of them. Instead of pursuing these statutory remedies, he elected to enforce his

common law remedy of an action of trespass, *q. c.*    He did not attempt to preserve or enforce a lien but waived it.

The officer cannot justify as the servant of the plaintiff in the original writ, claiming that what he did was merely to take possession of the cattle for the purpose of enforcing Starbird's lien, because this is not what he did; he did nothing to enforce a lien, but attached the property upon a void precept.

In the case of *Townsend* v. *Newell*, 14 Pick. 332, relied upon by the defendant's counsel as supporting to some extent his contention upon this point, the court says, " It seems doubtful whether his writ was designed to cover both of his demands against John Townsend ; but however this may be, it was clearly his intention to retain his lien, and we are satisfied that he did not discharge it by his attachment and receipt."

In this case it is clear that the plaintiff in the original action did not attempt or intend to preserve his lien but resorted to another remedy.

*Exceptions overruled.*