**BOOTHBAY HARBOR CONDOMINIUM I et al.**

v.

**George D. WHITTEN et al.**

Supreme Judicial Court of Maine.

June 28, 1978.

Soule & Soule by David B. Soule, Jr. (orally), Wiscasset, for plaintiffs.

Bennett, Kelly & Zimmerman, P.A. by Peter H. Jacobs (orally), John N. Kelly, Portland, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Plaintiffs/appellees in this case are the individual owners of units in the complex known as Boothbay Harbor Condominiums and the association of unit owners known as Boothbay Harbor Condominiums I. The defendants/appellants are the complex's developer, George D. Whitten, and the corporate owner. Between July 6, 1973 and April 26, 1974, the individual plaintiffs purchased from the corporate defendants units in the condominium complex together with appropriate percentage interests in the common areas. Unsatisfied with the condition of their units and the complex in general, the plaintiffs started the present action. Among their specific complaints was the condition of the waste disposal system.

On September 7, 1976, the day on which a jury trial was scheduled to commence, the parties settled the case, and an "Agreement

for Docket Entry" was filed on October 6, 1976.[1] The court on October 19, 1976, issued its judgment, which stated in the part here relevant:

"2. That the Defendants shall obtain from the State of Maine Department of Environmental Protection a waste discharge license certificate in the name of Boothbay Harbor Condominiums I for the waste water treatment plant located on the premises of Boothbay Harbor Condominiums I, Boothbay Harbor, Maine. That the aforesaid license shall be provided to the Plaintiffs no later than six (6) months from the date of entry of this judgment, provided, however, that such license shall be provided to the Plaintiffs at an earlier date upon being required by the Department of Environmental Protection in accordance with its regulations and requirements.

"3. That any repair work or construction to the said waste water treatment plant necessary to obtain the aforesaid license shall be carried out by the Defendants and that he shall have all such work approved by a sanitary engineer employed by the firm Wright, Pierce, Burns and Wyman of Topsham, Maine."

In December the defendants notified the plaintiffs that a waste disposal license had been procured and argued that they thereby had satisfied the terms of the judgment. That license, however, was a conditional one,[2] and the plaintiffs contended that the judgment was not satisfied by the mere production of a conditional license, but also required compliance with the license's conditions. When the defendants rejected the plaintiffs' construction of the judgment, plaintiffs moved the court, purportedly pursuant to Rule 70, M.R.Civ.P., to clarify its intentions as expressed in the judgment and to direct the carrying out of the judgment

as so clarified, through a third party to be appointed by the court. On January 4, 1977, the same Superior Court justice who had entered the October 19 judgment declared that that judgment "by implication includes the order that Defendant not only obtain a waste discharge license, but do those things necessary to comply with the same." Having so found that the prior judgment already required the defendants to comply with the conditions of the waste discharge license, the justice in his January 4 order went on as follows:

"It is therefore ordered that paragraph two of the judgment in this case be amended by the addition of the following:

"The defendant is further ordered to do any and all acts necessary to repair or replace the existing system in order to comply with the general and special conditions attached to any waste discharge license issued to plaintiffs and laws of the State of Maine in order that the effluent from said system shall meet minimum standards and regulations set by the DEP."

It is from that order that the defendants appeal.[3] We deny the appeal.

On appeal the defendants first contend that the January 4 order was an amendment of the October 19 judgment and as such exceeded the power of the court in that the plaintiffs did not seek any such action from the court until much beyond the ten-day period limited in Rule 59(e), M.R.Civ.P., for a motion to "alter or amend the judgment." See Field, McKusick and Wroth, Maine Civil Practice § 59.4a (2d ed. 1970). Although the Superior Court's January 4 order did in terms direct that the October 19 judgment be "amended," we cannot agree with the defendants in classi-

1. Neither any settlement agreement nor the "Agreement for Docket Entry" is before us in the record on appeal. The judgment of October 19, 1976, is not in form a consent decree.

2. Unbeknown to the plaintiffs, the defendants had obtained the conditional waste disposal license prior to entry of the October 19 judgment.

3. This appeal was finally submitted to this court for decision on May 16, 1978, when the appellants filed a supplemental record on appeal, showing that a counterclaim brought by them to the original complaint had been dismissed, making the order appealed from a "final judgment" for purposes of appeal.

fying that order as an amendment in the sense that Rule 59(e) refers to altering or amending a judgment. The Superior Court plainly did not use the word "amended" to mean any substantive change in its October 19 judgment; on the contrary, in the very preceding sentence the justice stated that by implication the earlier judgment already included exactly the same ordering provision as he was spelling out in his January 4 order. Rule 59(e) controls by its limited time period any substantive alteration; it does not, however, prevent the court below from settling the dispute that had arisen over the meaning of its own prior judgment. If the court had not gone beyond the first sentence of its January 4 order, it clearly would have done nothing more than construe that judgment. By directing that a sentence be added thereto, the court was merely using a convenient way of setting forth with perfect clarity that which it had found was already included in the judgment by implication.

■ A court of general jurisdiction has inherent power to construe its judgments, *Adams v. Adams,* 85 Nev. 50, 450 P.2d 146 (1969); and indeed construction is often necessary, as here, incident to enforcement of an equity decree. The court's action in construing its judgment was essential for guidance of all the parties in complying with the judgment and for later enforcement if the defendants, once informed of the meaning of the October 19 judgment, should fail to comply. The rules imposed no time limit on the court's interpreting its own judgment. The Superior Court judiciously did not go on to order the enforcement relief requested by the plaintiffs under Rule 70, M.R.Civ.P., out of a presumably well-placed confidence that after it had defined the scope and meaning of its October 19 judgment, the parties would comply therewith without further intervention by the court.

Having determined that in rendering its January 4 order the court acted within its continuing authority to construe its own prior judgment, we are left with only the question whether the defendants on appeal have demonstrated that the court in any way erred in the construction it placed on that judgment.

■ The defendants contend that the mere acquisition of a license, even though conditional, satisfies the October 19 judgment. This argument, however, fails to take into account several important factors. Of initial import is the complaint itself. In three separate counts the plaintiffs alleged that the "sewage disposal system was insufficient to handle the volume created by the condominium, has not worked adequately, and *is not in compliance with Department of Environmental Laws and the State Plumbing Code."* (Emphasis added) Although the initial prayer for relief sought only monetary damages, the plaintiffs subsequently were granted leave to amend their complaint to include a prayer that "the [corporate] defendant be ordered to do those acts necessary to bring the current waste disposal system into conformance with statutory standards of the State of Maine and in conformance with the Rules and Regulations of the Department of Environmental Protection." The motion to amend was made and granted on the same day the court rendered its October 19 judgment. It, therefore, cannot be gainsaid that the issue was squarely before the court at that time.

The judgment itself further militates against the defendants' position. Paragraph 3 requires that the defendants make any repairs to the waste disposal system necessary to obtain the license. In fact, the defendants had obtained a conditional license prior to the date of judgment. From that fact the plaintiffs reason that the agreement to settle and the subsequent judgment would have no meaning unless further action by the defendants was contemplated to comply with the terms and conditions of that license. We concur. It would be incongruous to go through the motions of a settlement and judgment to require a party only to deliver something it already had.

■ By a fair reading, the October 19 judgment contemplated an unconditional

license from the Department of Environmental Protection, with "any repair work or construction to the said waste water treatment plant necessary to obtain the aforesaid license" to be performed by the defendants prior to issuance of the license. The department's willingness to issue a conditional license in advance of the necessary repair or construction work does not alter the evident intent that the defendants should bear the expense of that work.

On appellate review we cannot say that the Superior Court justice committed any error in his January 4 order. The October 19 judgment was ambiguous when applied to the circumstance—unexpected at least to the plaintiffs and the justice—presented by the fact that the defendants had already obtained a conditional waste disposal license. The justice's construction is entirely consistent with the language of his prior judgment. In light of the pleadings and all the factual circumstances—including whatever representations may have been made to the justice below as to the nature of the parties' settlement agreement—the justice was from anything appearing in this record entirely justified in his reading of his own prior judgment. The appellants have failed to show that he was in any respect wrong.

The entry must be:

Appeal denied.

Judgment affirmed.