CENTRAL MAINE CHARTER CORP.

v.

William T. WRIGHT.

Supreme Judicial Court of Maine.

March 7, 1980.

---

Isaacson, Isaacson & Hark by Elliott L. Epstein (orally), Lewiston, for plaintiff.

Vernon Arey (orally), Clyde L. Wheeler, P.A., Waterville, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

In an earlier suit prosecuted by Central Maine Charter Corp., plaintiff in the present action, against Jer An Corp., the District Court in Lewiston on December 13, 1977, gave judgment to plaintiff in the amount of about $15,000. On that judgment, plaintiff obtained an execution, which on its face showed the District Court issued it on December 23, 1977. Since the execution was issued before the time for appeal had expired, see D.C.Civ.R. 62(a), and since a fortiori it was also issued before the end of the 24-hour waiting period after

the judgment had become final, see 14 M.R. S.A. § 4651 (1980), the execution was invalid. Brown v. Howard, 86 Me. 342, 29 A. 1094 (1894); Inhabitants of Waterville v. Barton, 64 Me. 321 (1874). The District Court lacked authority to issue it.

In due course plaintiff's attorney put the December 23, 1977, execution into the hands of the present defendant, Sheriff Wright of Somerset County, with directions to seize certain manufacturing machinery and raw materials located in Skowhegan and supposedly owned by the judgment debtor. Apparently neither the attorney nor the sheriff was aware of the defect in the execution. On February 15, 1978, and before the sheriff took the requested action, a fire in the Skowhegan premises occupied by the judgment debtor destroyed the targeted machinery and raw materials.

In this present action against Sheriff Wright for refusing or neglecting to enforce the execution in timely fashion, the Superior Court properly ordered summary judgment for defendant Wright. The sheriff cannot be held liable for loss resulting from his failure or refusal to act upon an invalid execution. Cf. Thurston v. Adams, 41 Me. 419 (1856). Indeed, he might have incurred liability to the judgment debtor if he had seized the judgment debtor's property under that defective execution. Id.

The mere fact that plaintiff's attorney could have gotten a valid execution at any time after December 26, 1977, could not breathe vitality into the execution that was in fact presented to the sheriff for enforcement. Nor is the fact that the District Court might, on motion "for cause shown and subject to such conditions as it deems proper," D.C.Civ.R. 62(c), have ordered execution to issue prior to expiration of the appeal period of any help to a judgment creditor who neither sought nor obtained any such order. Also, since the sheriff was under no duty to detect, and to inform plaintiff's attorney of, the fatal legal defect in the execution, we reject plaintiff's argument that the sheriff should be equitably estopped from relying in defense upon that

defect. *See Boston & Maine R. R. v. Han-naford Bros. Co.*, 144 Me. 306, 68 A.2d 1 (1949).

The entry must be:

Plaintiff's appeal denied.

Summary judgment for defendant affirmed.

NICHOLS, J., did not sit.