**G. Vernon MacDONALD**

v.

**Helen C. MacDONALD.**

Supreme Judicial Court of Maine.

Argued Oct. 4, 1990.
Decided Nov. 29, 1990.

Lewis Vafiades, Amy L. Faircloth (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

George Z. Singal, Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Helen C. MacDonald appeals from an order of the Superior Court (Penobscot County, *McKinley, J.*) granting the motion of G. Vernon MacDonald for clarification and reformation of the judgment of their divorce. She contends that the court erred in amending the judgment with respect to the disposition of the parties' marital property. We disagree and affirm the court's order.

The divorce judgment was entered on May 20, 1988. The marital property set

apart to the wife in the judgment included "[t]he Hampden residence as more particularly described in a deed recorded in Penobscot County Registry of Deeds in Book 3082, Page 77...." The property awarded to the husband included an adjoining "[s]eventeen acre parcel of land in Hampden as more particularly described in [a] deed recorded in the Penobscot County Registry of Deeds in Book 3613, Page 20 and excluding therefrom a parcel described in a deed recorded in Book 3656, Page 169 of said registry."

On March 8, 1989, the husband filed a motion for clarification and reformation of the judgment because the property set apart to him as described in the referenced deeds contained only a little more than three acres instead of seventeen acres. He requested that the court construe its judgment to make clear its additional award to him of a portion of the adjoining residence property ostensibly set apart to his wife. On January 18, 1990, after written arguments of counsel and with the benefit of a real estate survey and property description, the court granted the husband's motion and issued an order clarifying its original judgment in accordance with his request.

On appeal, the wife argues that the court was without authority to alter its earlier disposition of the parties' marital property. This argument, in that it depends for success on acceptance of her characterization of the court's order as a substantive amendment rather than a clarification of its prior judgment, is without merit.

■■■ Although the court's authority to alter or amend a divorce judgment is severely limited, *see Merrill v. Merrill,* 449 A.2d 1120, 1124–25 (Me.1982), there is no question that the court has the inherent and continuing authority to construe and clarify its judgment when that judgment is ambiguous. *Raymond v. Raymond,* 480 A.2d 718, 722 (Me.1984); *Boothbay Harbor Condominium I v. Whitten,* 387 A.2d 1117, 1120 (Me.1978). The court is always

empowered to "make clear the meaning of a prior decree where necessary to guide the conduct of the parties." *Randlett v. Randlett,* 401 A.2d 1008, 1010 (Me.1979).[1]

Despite the fact that the court's clarifying order did direct that the judgment be "amended" in compliance with the order's provisions of addition and deletion, it is clear that the court did not use the word "amended" to describe a substantive change. *See Boothbay Harbor Condominium I v. Whitten,* 387 A.2d at 1119–20. As the court explained, it was merely clarifying the meaning of the earlier disposition it ordered without the benefit of a survey or property description.

■■■ Whether the court properly exercised its inherent authority to construe and clarify its own judgment under the circumstances depends upon the satisfaction of an objective test. In order to uphold the court's clarifying order, we must answer the following two questions affirmatively: (1) whether the court's prior judgment was ambiguous as a matter of law, *see Bowley v. Bowley,* 440 A.2d 332, 333 n. 2 (Me.1982); and (2) whether the court's construction of its prior judgment is consistent with its language read as a whole and is objectively supported by the record. *See Boothbay Harbor Condominium I v. Whitten,* 387 A.2d at 1120.

■■■ As to the first question, contrary to the wife's contention, the 1988 marital property disposition was not clear and unambiguous, requiring no clarification. By awarding the husband seventeen acres in the body of the judgment while at the same time incorporating by reference a legal description encompassing only three acres, the division of marital property was plainly inconsistent. Accordingly, we are satisfied that the court's initial judgment was ambiguous as a matter of law.

The second question is also easily answered in the affirmative. The record contains numerous references to the fifteen-to-

1. The fact that the husband did not request court clarification until nearly ten months after entry of the judgment is not determinative. Even though the times for the usual post-judgment motions and for appeal pursuant to M.R.

Civ.P. 59 and 73 respectively had long passed, the rules impose no time limit on the court's continuing authority to clarify an ambiguous judgment. *Boothbay Harbor Condominium I v. Whitten,* 387 A.2d at 1120.

seventeen-acre westerly portion of the residence property as being separate from that part of the property more closely connected to the residence. The MacDonalds earlier purchased an adjoining parcel of land in order to provide access to a town road from the westerly portion of the property in anticipation of future development of the site. In January of 1988, the husband ordered an appraisal of the westerly portion of the residence property together with the parcel purchased to provide access. At the time of the divorce hearing, it was his position that the "residence real estate" be sold and the remaining "17½ acres referred to in testimony ... be retained by the parties as tenants in common as it is believed this acreage will greatly appreciate in value in the next few years." Since the court awarded the residence and the property more immediately surrounding it to the wife, it is consistent that the court awarded the remaining "[s]eventeen acre parcel" to the husband. We are satisfied, therefore, that the record adequately supports the court's reading of its prior judgment.[2]

Accordingly, we determine that the court did not err in construing and clarifying its ambiguous divorce judgment.[3] The provisions of addition and deletion in the court's order were no more than "a convenient way of setting forth with perfect clarity that which [the court] had found was already included in the judgment by implication." *Boothbay Harbor Condominium I v. Whitten*, 387 A.2d at 1120.

The entry is:

Judgment affirmed.

All concur.

---

**2.** Because the record also reveals that the parties and the court both believed at the time of the divorce hearing and before the land was surveyed that the westerly portion of the residence property together with the smaller lot acquired for access purposes contained approximately seventeen acres, we are not dissuaded by the fact that the survey discloses a final award to the husband of nearly twenty-one acres.

---

**3.** We do not address the wife's argument that upholding the court's clarification order threatens the stability and transferability of title to real property because her concern is unfounded on the facts of this case.