**TOWN OF FREEPORT**

v.

**OCEAN FARMS OF MAINE, INC.**

Supreme Judicial Court of Maine.

Argued Oct. 4, 1993.
Decided Nov. 8, 1993.

Catherine O'Connor (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

E. Stephen Murray (orally), Murray, Plumb & Murray, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

The Town of Freeport appeals and Ocean Farms of Maine, Inc. cross-appeals from the summary judgment entered in the Superior Court (Cumberland County, *Perkins, J.*) in favor of Ocean Farms and the $25,000 award to Ocean Farms on account of its attorney fees. Finding no error in the record, we affirm the judgment.

The record reflects that Ocean Farms operates a restaurant in downtown Freeport on Main Street, a thoroughfare that is part of state-owned U.S. Route 1. Following Freeport's rejection of Ocean Farms' request that Freeport construct a sidewalk in front of Ocean Farms' restaurant, Ocean Farms constructed the sidewalk at its own expense and without approval from town officials. The construction of the sidewalk resulted in the curb line being set back several feet and out of line with the curb line on the adjacent properties. Ocean Farms refused Freeport's demand that Ocean Farms both submit an after-the-fact application for a permit to construct the sidewalk and bring the sidewalk into conformity with the town's specifications governing sidewalk construction. Thereafter, Freeport modified the contour of the sidewalk at its own expense and sent Ocean Farms a bill for $768 to cover the cost. When the bill remained unpaid, Freeport instituted the present action in the District Court seeking damages, penalties, fines, attorney fees, and costs from Ocean Farms for its alleged violation of various statutes and land use ordinances.

Pursuant to M.R.Civ.P. 76C, Ocean Farms removed the case to the Superior Court. Both parties moved for a summary judgment. After a hearing, the trial court entered an order granting Freeport's motion on its complaint as a matter of law and awarding Freeport its attorney fees, without specifying the form of affirmative relief, if any, that Freeport was to receive. On appeal by Ocean Farms, we held that the order of the trial court was not a final judgment, and accordingly, the award of attorney fees pursuant to 30–A M.R.S.A. § 4452(3)(D) (Pamph.1992) must fail, and we dismissed the appeal. *Town of Freeport v. Ocean Farms of Maine, Inc.,* 600 A.2d 402, 403 (Me.1991).

After a further hearing on remand, the trial court granted Ocean Farms' motion for a summary judgment, stating that its previous order was in error and awarding Ocean Farms $25,000 on account of its attorney fees, and Freeport appeals. Ocean Farms cross-appeals, contending it is entitled to all its attorney fees, in the amount of $59,516.64.

I.

■ As a preliminary matter, we reject Freeport's assertion that the court was without authority to reverse itself and enter a summary judgment for Ocean Farms follow-

ing the dismissal of the first appeal. The authority for the trial court's action lies in the court's power to enter a valid final judgment when none had been entered previously. The prior order of the trial court was not a final judgment, and the trial court was free to disregard it. The court was squarely within its authority to declare that its previous order was in error and that, on the record before it, Ocean Farms was entitled to a summary judgment. *See, e.g.,* M.R.Civ.P. 59(d) (defining court's authority to act on its own motion to amend even a fully effective judgment within 10 days of the judgment's entry); *Raymond v. Raymond,* 480 A.2d 718, 722 (Me.1984) (court's authority to construe and clarify its own judgment is "beyond question"); *Boothbay Condominium I v. Whitten,* 387 A.2d 1117, 1120 (Me.1978) (describing the power of a court of general jurisdiction to construe its judgment as "inherent"). Since it is beyond question that the court has authority to construe and clarify its previously entered judgments, it follows that it also has authority to revise any previous analysis of the merits of a case before the entry of a final judgment. *See* M.R.Civ.P. 54(b) (any order that adjudicates less than all claims or rights and liabilities of parties is subject to revision at any time before entry of judgment adjudicating all rights and liabilities of the parties).

## II.

■ Freeport next contends that the trial court erred in rejecting its claim that be-

cause the sidewalk was not depicted on Ocean Farms' previously approved application, as required by section 602(B)(1)(b) of the town zoning ordinance,[1] Ocean Farms is in violation of the ordinance. It is undisputed that Ocean Farms constructed the sidewalk on property owned by the State and maintained by the Department of Transportation (DOT). At the time Freeport's alleged claim arose, the DOT had not delegated authority for maintenance of that portion of Route 1 to the town pursuant to 23 M.R.S.A. § 754 (1992), which imposes such duties on municipalities for state highways "within compact or built-up sections of towns having a population of 6,000 and over."[2] Because Freeport had no jurisdiction over the land on which the sidewalk is located, it cannot be said that Ocean Farms's construction of the sidewalk violated Freeport's zoning ordinance. For like reasons, it was not error for the trial court to conclude that Freeport had suffered no common law damages by reason of Ocean Farms' construction of the sidewalk.

■ Freeport also contends that the trial court erred in finding Ocean Farms was not liable to Freeport pursuant to 23 M.R.S.A. § 3381 (1992), which authorizes the recovery of damages from persons who fail to seek approval of municipal officers before making an excavation near a street or public way.[3] Section 3381 plainly does not apply to the facts of this case.

1. Section 602(B)(1)(b)(8) of the 1982 Freeport Zoning Ordinance, which governed Ocean Farms' 1983 application for a special exception permit from the board of zoning appeals, required submission of a plan showing.

   The location, size, and type of all existing and proposed buildings showing setbacks required by the Zoning Ordinance, driveways, sidewalks, parking spaces, loading areas, open spaces, large trees, open drainage courses, lot area, road frontage, signs, exterior lighting, service areas, easements and landscaping.

2. The DOT had not determined that the town had at least 6,000 inhabitants, which would trigger the requirement that the town assume responsibility for the state highways within the town's borders. The DOT's own sidewalk specifications, applying to sidewalks adjacent to state highways, appear in the record and vary from

Freeport's specifications. At oral argument, Freeport did not dispute the assertion of Ocean Farms that the sidewalk, as built by it, was in conformity with the state specifications.

3. Section 3381 provides that:

   Persons desiring to make an excavation near a street or public way may make written application to the municipal officers, setting forth its nature and extent and requesting their direction thereon. Such officers shall in writing direct whether it may or may not be made and, if permitted, the manner of making it. When so made, no liability is incurred thereby. If not so made, the person making it is liable to the town, in an action for all damages occasioned by the repair of the way or paid to persons injured by defects therein caused by such excavation.

## III.

Both parties argue that the Superior Court committed reversible error by its award of $25,000 to Ocean Farms on account of its attorney fees. Freeport maintains that the court should not have awarded any fees to Ocean Farms, arguing in the alternative that the amount awarded was excessive. Ocean Farms urges that it is entitled to the full amount of its attorney fees prior to this appeal.

■ We review awards of attorney fees for abuse of discretion and accord the trial court substantial deference. *Morris v. Resolution Trust Corp.*, 622 A.2d 708, 716 (Me. 1993); *see also Town of Freeport v. Brickyard Cove Associates*, 594 A.2d 556, 560 (Me. 1991) (applying the abuse-of-discretion standard to review of award of fees in zoning violation case).

■ The statute governing the award of attorney fees in litigation involving alleged violations of land use laws and ordinances provides in pertinent part:

> If the municipality is the prevailing party, the municipality *must* be awarded reasonable attorney fees, expert witness fees and costs, unless the court finds that special circumstances make the award of these fees and costs unjust. If the defendant is the prevailing party, the defendant *may* be awarded reasonable attorney fees, expert witness fees and costs as provided by court rule.

30–A M.R.S.A. § 4452(3)(D) (Pamph.1992) (emphasis added). We agree that the purpose of the statute is to encourage municipalities to enforce land use laws, as reflected in the language requiring a fee award to the municipality when it prevails. We decline Freeport's invitation, however, to read into this statute a requirement that a municipality must have acted in bad faith before the trial court may provide for such recovery by a prevailing defendant.

■ We also reject both parties' challenge to the trial court's decision as to the amount of the fees awarded. The town maintains that very little of Ocean Farms' legal expenses were related to defending that part of the case dealing with land use law. Ocean Farms contends it is impossible to differentiate between the aspects of this case that deal with land use law and those that do not, and therefore, the trial court abused its discretion in not awarding Ocean Farms the full amount of its attorney fees.

In *Baker v. Town of Woolwich*, 517 A.2d 64 (Me.1987), we reviewed an award of attorney fees in a land use case in which the statute authorizing attorney fees did not cover all of the claims in the proceeding. The plaintiff, pursuant to M.R.Civ.P. 80B, had sought a review of the decision of the Board of Appeals denying his application for a zoning exception. The town had counterclaimed seeking enforcement of the ordinance. The Superior Court affirmed the decision of the Board and awarded attorney fees to the town. We held that pursuant to 30 M.R.S.A. § 4966(3)(D)[4] the court was only authorized to award the town attorney fees on its counterclaim, but as a practical matter it was impossible to make an accurate division of those fees attributable to the enforcement counterclaim and the fees relating to the action pursuant to M.R.Civ.P. 80B because both involved the same briefing and court appearances. Accordingly, we held it was well within the trial court's discretion to allocate half the town's fees to the enforcement action "as a fair and equitable resolution of a problem for which there is available no better answer." *Id.* at 69–70. In the present case, we find no abuse of the court's discretion.

■ Finally, by its cross-appeal Ocean Farms seeks a further award of attorney fees for defending against Freeport's appeal and urges us to impose sanctions against Freeport pursuant to M.R.Civ.P. 76(f). We do not automatically award such fees when we sustain a judgment that included an award of fees by the trial court. In this case, we hold that it is fair and equitable to allow each

---

4. 30 M.R.S.A. § 4966 was the predecessor statute to 30–A M.R.S.A. § 4452. The language of 30 M.R.S.A. § 4966(3)(D) and that of 30–A M.R.S.A. § 4452(3)(D) is identical with the exception that the word "must" in the latter statute was substituted for the word "shall" in the former statute.

party to pay its own attorney fees for this appeal. Because we do not find that Freeport's appeal was frivolous, we decline to impose sanctions pursuant to Rule 76(f).

The entry is:

Judgment affirmed; no costs awarded to either party.

All concurring.