MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 127
Docket:      Pen-16-60
Argued:      November 8, 2016
Decided:     June 22, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


PATRICIA A. CHAMBERLAIN

v.

LINWOOD A. HARRIMAN


SAUFLEY, C.J.

[¶1]  Linwood A. Harriman appeals from two judgments of the District Court (Newport, *Ende, J.*).  In the first, the court clarified that a divorce judgment, entered in 2004, required Harriman to pay $50,000 plus post-judgment interest to Patricia A. Chamberlain as her share of the parties' marital property, and ordered that a writ of execution would issue.  In the second, the court entered a "corrected order," after a writ of execution had issued, clarifying an ambiguity created by its first judgment and directing that a new writ would issue in the amount of $50,000 plus interest.  We dismiss as untimely the appeal from the first judgment, which clarified the divorce

judgment, and we affirm the second judgment, which clarified the terms on which the writ of execution would issue.[1]

## I. BACKGROUND

[¶2] We draw the facts from the trial court record and the court's findings reached on Chamberlain's post-judgment motion for contempt, which the court, without objection, treated as a motion to enforce. After twenty-two years of marriage, the parties were divorced in 2004. The parties' divorce judgment, entered by agreement, disposed of only one substantial piece of property—the parties' marital home.

[¶3] Unfortunately, the documentation of the parties' obligations at that time, apparently crafted by the parties or their counsel, was so abstrusely drafted as to require later clarification. Specifically, the July 20, 2004, divorce judgment contained a provision that stated:

> Plaintiff shall execute and deliver to Defendant a quitclaim deed with covenant for [the parties' marital residence] at the time the divorce shall become final. Concurrently, the Defendant shall mortgage said property to the Plaintiff in the amount of $50,000.00 under the terms and condition of said mortgage.

---

[1] Because three judgments are discussed here, to avoid confusion we refer to the underlying judgment as the divorce judgment; the first judgment on appeal, entered in September 2015, as the "clarifying judgment"; and the second judgment on appeal, entered in December 2015, as the "writ-clarifying judgment."

On the same date as the divorce judgment, Harriman executed a document titled "mortgage deed," which provided:

> The Mortgage [*sic*] or Linwood A. Harriman shall pay to the Mortgage [*sic*] Patricia A. Harriman the sum of $50,000.00 . . . on or before July 19, 2009.  If the Mortgage [*sic*] has not paid said sum in full on or before said date then he shall pay to the Mortgage [*sic*] a mortgage of $50,000.00 . . . at the state [*sic*] of 5% . . . per annum over a period of 20 . . . years in equal monthly installments in the amount of $329.98 . . . the first payments being due and payable July 20, 2009 and on the 20th of each month thereafter until paid in full.  Failure to make payments as specified herein is a condition of default.

Harriman did not pay $50,000, or any other sum, to Chamberlain by July 19, 2009.  Nor has he made a single installment payment in the years that followed.

[¶4]  On March 2, 2015, Chamberlain moved for contempt on the ground that Harriman had failed to make payments according to the terms of the mortgage.  On August 13, 2015, the court held a hearing during which Harriman testified and the divorce judgment and mortgage deed were admitted in evidence.  Harriman admitted during his brief testimony that he had not made any payments to Chamberlain and that it was his understanding that he owed her $50,000.  The court and Chamberlain apparently agreed that Harriman was not in contempt, so the court stated that it would treat the motion "as a motion to enforce."  Neither party objected to the treatment of the pending motion as a motion to enforce.  Opposing the enforcement, Harriman argued that because

4

he had executed the mortgage as ordered, he did not have any remaining obligations from the divorce judgment that could be enforced.

[¶5] The court entered the clarifying judgment on September 21, 2015, denying Chamberlain's motion for contempt and enforcing the original judgment. Because the divorce judgment required clarification, the court determined as follows:

> [T]he Defendant owes . . . Patricia A. Chamberlain, *the sum of $50,000.00, together with post-judgment interest commencing July 20, 2009*. The Court hereby clarifies the Divorce Judgment dated July 20, 2004 to reflect the above, which comes from the terms of the mortgage that is expressly referenced in the Divorce Judgment . . . .

(Emphasis added.) That judgment separately ordered that a writ of execution would issue in favor of Chamberlain for "all past due installments of $329.98." Harriman did not timely appeal from the clarifying judgment.

[¶6] On October 13, 2015, the clerk's office issued a writ of execution in favor of Chamberlain in the amount of $50,000 rather than the sum of "all past due installments of $329.98." Harriman responded on October 29, 2015, with a motion to "amend and correct" the writ, arguing that pursuant to the clarifying judgment, the writ was to be for "past due installments," totaling $24,418.52, rather than in the amount of $50,000. The court heard argument from the parties on Harriman's motion on December 11, 2015.

[¶7] The court then entered the writ-clarifying judgment on December 14, 2015. In that judgment, the court reasoned that the divorce judgment, as clarified in September 2015, established a debt of $50,000 that Harriman owed to Chamberlain that was due and payable as of July 20, 2009. The mortgage deed secured this debt. Harriman could have avoided default by making the specified monthly payments. When he failed to make any payments, however, the monthly payment provision did not preclude Chamberlain from otherwise collecting the full amount of the debt.

[¶8] In conformity with this further explanation, the writ-clarifying judgment ordered that a writ of execution was to issue in the amount of $50,000 plus post-judgment interest commencing on July 20, 2009. The docket entries reveal that on the following day, the court denied Harriman's motion to amend and correct the October 2015 writ of execution.

[¶9] On December 22, 2015, Harriman moved for additional findings of fact and conclusions of law, *see* M.R. Civ. P. 52(b), for reconsideration, *see* M.R. Civ. P. 59(e), and to stay execution. The court denied each of these motions on February 10, 2016. Harriman filed a notice of appeal on February 19, 2016. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3). The docket entries reflect that a new writ has not issued.

## II. DISCUSSION

A.    Clarifying Judgment

[¶10]  We decline to consider Harriman's arguments that the court erred in its initial clarification of the divorce judgment, docketed September 21, 2015, because his appeal of the clarifying judgment is untimely.  An appellant in a civil case has twenty-one days "after entry of the judgment or order appealed from" to file a notice of appeal.  M.R. App. P. 2(b)(3).  "Strict compliance with the time limits of M.R. App. P. 2(b)" is required before we will entertain an appeal.  *Collins v. Dep't of Corr.*, 2015 ME 112, ¶ 10, 122 A.3d 955 (quotation marks omitted).

[¶11]    The clarifying judgment was entered on the docket on September 21, 2015, and therefore the appeal period expired on October 13, 2015—the day after the Columbus Day holiday.  *See* 4 M.R.S. § 1051 (2016); M.R. App. P. 2(b)(3), 15; M.R. Civ. P. 6(a).  Harriman did not file a notice of appeal in that time, nor did he file any motion that would have terminated the running of the time for appeal.  *See* M.R. App. P. 2(b)(3).  Consequently, Harriman's current appeal attempting to contest the court's determination that he owes $50,000 to Chamberlain, together with post-judgment interest commencing on July 20, 2009, is untimely.  The court had the authority to clarify its own judgment, which it did.  *See MacDonald v. MacDonald*, 582 A.2d 976, 977 (Me.

1990). Harriman did not timely appeal that clarification, and we therefore do not consider his arguments that the clarifying judgment contained an error.[2]

B.      Writ-Clarifying Judgment and Denial of Harriman's Motion to Stay Execution

[¶12]  As determined by the now-final clarifying judgment, the parties' divorce judgment required Harriman to pay $50,000 to Chamberlain, plus interest. Although a writ of execution is a mechanism to enforce that judgment, *see* M.R. Civ. P. 69, the clarifying judgment stated that a writ would issue only for the unpaid installments pursuant to the mortgage. To review the writ-clarifying judgment, we must determine whether the court erred or abused its discretion in determining that the clarifying judgment permitted a writ of execution to issue in the same amount as was established by that judgment—that is, in the amount of $50,000 plus post-judgment interest.

[¶13]  "[T]here is no question that the court has the inherent and continuing authority to construe and clarify its judgment when that judgment is ambiguous." *MacDonald*, 582 A.2d at 977; *see also Bonner v. Emerson*, 2014 ME 135, ¶ 12, 105 A.3d 1023. "The court is always empowered to make clear

---

[2] Accordingly, we cannot address the court's determination that *post-judgment* interest began to accrue in 2009.

the meaning of a prior decree where necessary to guide the conduct of the parties." *MacDonald*, 582 A.2d at 977 (quotation marks omitted).

[¶14] We review the court's clarification of a divorce judgment using a two-part test. *Voter v. Voter*, 2015 ME 11, ¶ 8, 109 A.3d 626. First, we determine de novo whether the prior judgment was ambiguous as a matter of law. *Id.* This determination "centers on whether the language at issue is reasonably susceptible to different interpretations." *Id.* (quotation marks omitted). If we conclude that the judgment is ambiguous, we then "consider, using an abuse of discretion standard, whether the clarification is consistent with its language read as a whole and is objectively supported by the record." *Id.* (quotation marks omitted).

[¶15] The divorce judgment, as construed by the clarifying judgment, was ambiguous because it contained an internal inconsistency. The clarifying judgment provided that Harriman owed $50,000 plus interest to Chamberlain, and yet it provided that a writ would issue only in the amount of the past due installments required by the mortgage. Despite this obvious inconsistency, neither party moved for further findings of fact pursuant to M.R. Civ. P. 52(b), to alter or amend the judgment, or for reconsideration of the clarifying judgment. Nor did either party appeal.

[¶16]  When Harriman brought the inconsistency to the attention of the court by moving to amend or correct the *writ* that had issued, the court had the authority to clarify its prior ambiguous judgment.  *See MacDonald*, 582 A.2d at 977.  We must, therefore, determine whether the court abused its discretion when it issued the writ-clarifying judgment, requiring that a writ of execution issue for $50,000 plus post-judgment interest.  *See Voter*, 2015 ME 11, ¶ 8, 109 A.3d 626.

[¶17]  To determine whether the writ-clarifying judgment is consistent with the clarified judgment, we first review the relationship between judgments and writs of execution enforcing them.  A divorce judgment ordering one spouse to pay money to the other to accomplish the equitable distribution of marital property is a money judgment that may be enforced by a writ of execution.  *See Brown v. Habrle*, 2010 ME 72, ¶ 20, 1 A.3d 401 (holding that a spouse became a judgment debtor as of the date that a post-judgment grace period for a property disposition payment expired); *Raymond v. Raymond*, 480 A.2d 718, 725 (Me. 1984) (reasoning that a payment required by a divorce judgment to carry out a division of marital property was a money judgment); *see also Collins v. Collins*, 2016 ME 51, ¶ 11, 136 A.3d 708 (recognizing that a

10

payment obligation in a divorce judgment had been "reduced" to a writ of execution).

[¶18]  The existence of a money judgment is a prerequisite to the court's authority to issue a writ of execution.  *See* 14 M.R.S. § 4651 (2016) ("Executions may be issued on a *judgment . . . .*" (emphasis added)); M.R. Civ. P. 69 ("Process to enforce a judgment for the payment of money shall be a writ of execution . . . ."); *Desjardins v. Desjardins*, 2005 ME 77, ¶ 10, 876 A.2d 26 ("Without a judgment, the court [is] without the authority to issue a writ of execution.").  Here, the clarification of the divorce judgment, establishing Harriman's debt of $50,000 to Chamberlain, was the foundation upon which the October 2015 writ of execution was issued.  *See Desjardins*, 2005 ME 77, ¶ 10, 876 A.2d 26.  The court did not abuse its discretion in clarifying its judgment to eliminate an ambiguity and order that a writ would issue in the same amount as the judgment.  Thus, the court did not err in denying Harriman's motion to amend the amount of the writ or in ordering a new writ to issue in that amount.[3]

---

[3] We note that the October 2015 writ of execution was itself invalid because it was issued before the expiration of the twenty-one-day appeal period.  *See* 14 M.R.S. § 4651 (2016); M.R. Civ. P. 62(a); *Cent. Me. Charter Corp. v. Wright*, 412 A.2d 69, 70 (Me. 1980).  Due to a court holiday, the deadline for appeal was extended by one day.  *See* M.R. App. P. 2(b)(3), 15; M.R. Civ. P. 6(a).  Neither party raised that issue.  Because the court ordered the issuance of a new writ, we do not address it further, and any claim that the court abused its discretion in denying Harriman's motion for a stay of execution is moot.

### III. CONCLUSION

[¶19]  Harriman has not, in over twelve years, paid a single dollar toward his obligation.  He did not timely appeal from the judgment clarifying the parties' divorce judgment.  To the extent that he now appeals from that judgment, we dismiss his appeal.  Because we conclude that the court did not abuse its discretion in entering a judgment clarifying that a writ of execution should issue in the same amount as the clarifying judgment, we affirm the writ-clarifying judgment directing the issuance of a writ of execution in the amount of $50,000 plus post-judgment interest.

The entry is:

> Appeal from September 2015 clarifying judgment dismissed as untimely.  December 2015 writ-clarifying judgment affirmed.  On remand, a writ may issue consistent with the December 2015 writ-clarifying judgment.

---

Joseph L. Ferris, Esq. (orally), and Mariann Z. Malay, Esq., Gross, Minsky & Mogul, P.A., Bangor, for appellant Linwood A. Harriman Jr.

James G. Spaulding, Esq., and Joshua A. Tardy, Esq. (orally), Irwin Tardy & Morris, Newport, for appellee Patricia A. Chamberlain